UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION


| | |
|---|---|
| TROY SPENCER, | ) |
| | ) |
| Petitioner, | ) |
| | ) Case No. 4:06CV00106 FRB |
| v. | ) |
| | ) |
| ALAN BLAKE, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**


Pending before this Court is Troy Spencer's ("petitioner") Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. (Docket No. 2/filed January 23, 2006.) Petitioner is civilly committed as a sexually violent predator (also "SVP") pursuant to Missouri's Sexually Violent Predators Civil Commitment Act ("SVPA"), Mo. Rev. Stat. 632.480 et seq. Petitioner is currently confined in the Missouri Sex Offender Treatment Center in Farmington, Missouri. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

In 1985, petitioner plead guilty to sodomy in conjunction with his actions against his young daughter. See (Respondent's Exhibit ("Resp. Exh.") K at 2.) Petitioner was sentenced to a

1

suspended fifteen-year prison term and five years of probation, but his probation was revoked and his sentence ordered executed when he failed, in violation of his probation, to admit himself to Fulton State Hospital for inpatient treatment.  See Id.  Petitioner subsequently served a prison term in the Missouri Department of Corrections.

Within 180 days of petitioner's scheduled release from prison, the state of Missouri initiated proceedings to have petitioner involuntarily committed to the Department of Mental Health as a sexually violent predator under the SVPA. (Resp. Exh. B at 15-18.)  On September 28, 2001, following a bench trial before the Honorable David Mann, petitioner was found to be a sexually violent predator, and was ordered committed to the custody of the director of the Department of Mental Health for secure confinement. (Resp. Exh. B, Vol. II, at 321.)

Petitioner appealed this judgment to the Missouri Court of Appeals for the Southern District of Missouri, arguing that the trial court erred and abused its discretion when it: (1) entered judgment without first considering whether, as a result of a mental abnormality, petitioner had serious difficulty controlling his behavior; (2) failed to assure that petitioner's waiver of counsel was knowing and intelligent and failed to comply with the written waiver requirement; (3) allowed Dr. Hoberman to render an opinion after the first evaluation by Dr. Harry, inasmuch as the state had no right to obtain more than one evaluation; (4) allowed the state

to introduce "a plethora" of evidence regarding narcissistic personality disorder, which was irrelevant to the claims alleged in the petition; and (5) failed to dismiss the case because the prosecuting attorney for Scott County did not participate in the prosecutor's review committee that voted to permit the state to commence SVP proceedings against petitioner. (Resp. Exh. C and E.)

On April 29, 2003, the Missouri Court of Appeals reversed and remanded the cause for a new trial solely on the basis of petitioner's first point on appeal. (Resp. Exh. F); In re Care and Treatment of Spencer, 103 S.W.3d 407 (Mo. Ct. App. 2003). In so holding, the court instructed that the state was required to present evidence and make a submissible case under the standard articulated by the Missouri Supreme Court in Thomas v. State, 74 S.W.3d 789, 791 (Mo. banc 2002), which was decided after petitioner's trial. (Resp. Exh. F at 15); In re Care and Treatment of Spencer, 103 S.W.3d at 416.[1] The court went on to address petitioner's other four points, and found them all meritless. (Resp. Exh. F at 17-22); In re Care and Treatment of Spencer, 103

---

[1] In Thomas, the Missouri Supreme Court held that, in civil commitment cases under the SVPA, a jury must make a finding as to whether the person subject to commitment has a "serious difficulty" controlling his or her sexually violent behavior. Thomas, 74 S.W.3d at 791. In petitioner's case, the Missouri Court of Appeals noted that petitioner's diagnosis of pedophilia (which petitioner never contested) did not automatically equal a finding that he had "serious difficulty" controlling his sexually violent behavior. (Resp. Exh. F at 15); In re Care and Treatment of Spencer, 103 S.W.3d at 416. In ruling that petitioner's case should be remanded, the Missouri Court of Appeals noted that, because Thomas was not the controlling precedent at the time of petitioner's trial, it would not penalize the state for any failure to offer evidence showing that petitioner had "serious difficulty" in controlling his sexually violent behavior. Id.

3

S.W.3d at 417-20.

Petitioner was tried a second time, this time before a jury, the Honorable Scott E. Thomsen presiding, from March 17, 2004 through March 19, 2004. (Resp. Exh. G.)[2] Following trial, the jury found petitioner to be a sexually violent predator pursuant to the SVPA, and petitioner was again ordered committed to the custody of the Department of Mental Health for secure confinement. (Resp. Exh. G.)

Petitioner filed an appeal with the Missouri Court of Appeals, arguing that (1) the evidence was insufficient to prove beyond a reasonable doubt that petitioner's pedophilia presented a current danger to engage in predatory acts of sexual violence; (2) the evidence was insufficient to prove that petitioner was more likely than not to engage in predatory acts of sexual violence because the conditions of delusional disorder and personality disorder were insufficiently precise to identify mental abnormalities limited to future risk of sexual offending; (3) the trial court erred in denying petitioner's motion to exclude expert testimony that petitioner had a serious difficulty controlling his behavior, inasmuch as there was insufficient foundation; and (4) the trial court erred in denying petitioner's motion to exclude

---

[2]The undersigned notes that there are several pages missing from Respondent's Exhibit G; specifically, pages 374 through 517. According to the index, these pages document part of the testimony presented to the jury. However, the undersigned notes that none of the omitted testimony relates to any of the issues raised in the instant Petition.

4

expert testimony that petitioner had a serious difficulty controlling his behavior, inasmuch as that determination is one lay persons can make, rendering expert testimony inadmissible. (Resp. Exh. I.) In its September 22, 2005 decision affirming the judgment, the Missouri Court of Appeals denied all four of petitioner's claims. (Resp. Exh. K); In re Care and Treatment of Spencer, 171 S.W.3d 813 (Mo. Ct. App. 2005).

In the instant Petition, petitioner raises the following eight claims for relief:

> 1. Ex parte contact occurred between Judge Mann and one or more attorneys from the Missouri Attorney General's office on September 26, 2001;[3]
> 
> 2. Missouri improperly disallows inmates to assist each other in preparing legal documents and provides no available alternative to such assistance;
> 
> 3. The civil commitment of sex offenders amounts to an unconstitutional bill of attainder;
> 
> 4. Petitioner did not receive "fair warning," as required by the Fourteenth Amendment, that he may suffer civil commitment because he committed his crimes before the enactment of the SVP Act;
> 
> 5. Missouri's SVP statute does not include the right to remain silent;

---

[3]The Honorable David Mann presided over petitioner's first trial in which petitioner was found to be a sexually violent predator. (Resp. Exh. A, I-V.) As indicated above, Judge Mann's civil commitment order was vacated and petitioner's cause ordered remanded by the Missouri Court of Appeals on April 29, 2003. (Resp. Exh. F); In re Care and Treatment of Spencer, 103 S.W.3d 407. The civil commitment order currently restraining petitioner was issued following plaintiff's jury trial on March 19, 2004. (Resp. Exh. G.)

5

6. Missouri's SVP statute violates the ex post facto clause;

7. Missouri's SVP statute violates the Double Jeopardy Clause; and

8. Petitioner's guilty plea was not voluntarily and intelligently made because he was unaware of the potential for future civil commitment.

(Petition, Docket No. 2.)

Respondent contends that all of petitioner's claims for relief are procedurally barred from review, inasmuch as petitioner never presented them to the Missouri courts during either of his two civil commitment proceedings.[4] For the following reasons, respondent's argument is well-taken.

## I. Exhaustion Analysis

Before this Court may grant relief on the merits of a petition for a writ of habeas corpus, a petitioner must first exhaust his state law remedies. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The exhaustion requirement is satisfied if a petitioner has fairly presented his claim first in state court, or if there are no currently available non-futile state remedies. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). A review of the record shows that all of petitioner's claims are exhausted inasmuch as he has no available non-futile state remedies. The undersigned further notes that respondent does

---

[4]Respondent also briefly argues that petitioner's claims are either meritless or non-cognizable.

not argue that any of petitioner's claims remain unexhausted.

### III.  Procedural Default

In order to preserve a claim for federal review, a habeas petitioner must fairly present it to the state court at each stage of the judicial process. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994); Wemark v. Iowa, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (citing Anderson v. Groose, 106 F.3d 242, 245 (8th Cir. 1997)). The "fair presentation" requirement is satisfied when the petitioner has properly raised in the state court the same factual grounds and legal theories he attempts to raise in federal court. Wemark, 322 F.3d at 1021. This requirement ensures that the state courts have been alerted to "the federal nature of each claim," Palmer v. Clarke, 408 F.3d 423, 430 (8th Cir. 2005), and gives the states the opportunity to consider and adjudicate alleged violations of its prisoners' federal rights. Baldwin v. Reese, 541 U.S. 27, 29, (2004).

As noted above, petitioner herein raises eight claims for relief. However, a review of the entire record, and petitioner's pleadings before this Court, shows that petitioner never presented any of these claims to the Missouri Court of Appeals. Missouri procedure requires that a claim for relief be presented at each step of the judicial process. Jolly, 28 F.3d at 53. Failure to do so erects a procedural bar to this Court's review of the claims.

Id.; see also Sweet v. Delo, 125 F.3d 1144, 1151 (8th Cir. 1997)(citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)).

Petitioner does argue, in paragraphs 1 and 2 of a "Notice" submitted with the instant Petition, that he presented his claim "relative to the unconstitutionality of Missouri's Sexually Violent Predators Act" to "a Missouri state court in the form of a petition for writ of habeas corpus," and that "[s]aid petition was denied." (Docket No. 2-2 at 1.) Petitioner did not, however, specify the date of filing, or identify the particular court in which the petition was filed.

Petitioner's suggestion that he raised a claim from the instant petition in a state habeas action is insufficient to overcome the procedural bar. First, neither review of the instant record, nor independent research, revealed a habeas petition filed by petitioner in any Missouri state court. Petitioner's mere assertion, without more, is insufficient to establish that he met the fair presentation requirement. Furthermore, as respondent notes, petitioner would be unable to overcome the procedural bar by filing a habeas petition in the state courts. See Battle v. Delo, 19 F.3d 1547, 1561 (8th Cir. 1994) (citing Byrd v. Delo, 942 F.2d 1226, 1232 (8th Cir. 1991)).

Because petitioner failed to raise any of his claims in state court, this Court cannot reach their merits absent a showing of cause and prejudice, or a demonstration "that failure to consider the claims will result in a fundamental miscarriage of

8

justice." Coleman, 501 U.S. at 750. In order to satisfy the "cause" requirement, petitioner must show that an "external" impediment, something which cannot be attributed to him, prevented him from presenting his claims to the state court in a timely and procedurally proper manner. Coleman, 501 U.S. at 753 (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)).

In the Notice filed with the instant Petition, petitioner appears to make several attempts to establish cause to excuse his procedural default. As explained below, all of petitioner's attempts are unavailing.

In paragraph 3 of his Notice, petitioner contends that the claims he attempts to raise herein allege violations of the United States Constitution, "which the state court has no jurisdiction or authority to rule on." (Docket No. 2-2 at 1.) This misstates the law, and furthermore, it is well-established that Constitutional claims not fairly presented to the state courts cannot be reviewed by the federal habeas court. Jolly, 28 F.3d at 53. In paragraph 4, petitioner writes as follows: "Further, petitioner cites 28 U.S.C. § 2254 (B) there is an absence of state corrective process or (C) circumstances exist that render such process ineffective to protect the rights of the applicant." (Docket No. 2-2 at 1.) Here, petitioner merely quotes language from Section 2254, and provides no facts or argument tending to establish a basis on which he claims cause to excuse his procedural default.

In paragraph 5, petitioner states that he has insufficient knowledge, expertise, and means to pursue years of state court motions, and adds his opinion that state courts are an improper venue for appeal. However, the Eighth Circuit has recognized that a habeas petitioner's lack of legal skill cannot satisfy the cause requirement. See Stanley v. Lockhart, 941 F.2d 707, 710 (8th Cir. 1991) (pro se status and limited educational background do not constitute sufficient cause to excuse procedural default); Smittie, 843 F.2d at 298 (habeas petitioners cannot escape the exhaustion of state remedies requirement by alleging "procedural ignorance").

In paragraph 6, petitioner claims that he is being denied access to "the simplest and most fundamental of aids" including a typewriter and current legal texts. (Docket No. 2-2 at 2.) This is insufficient to establish cause, inasmuch as petitioner's allegations concerning his current confinement are inapplicable to external circumstances that prevented him from presenting his claims during his state court proceedings. Finally, in paragraph 7, petitioner states that he is civilly detained and is therefore not a "prisoner" within the meaning of the Prisoners Litigation Reform Act ("PLRA"), "and thus administrative - - exhaustion rules do not apply." (Docket No. 2-2 at 2.) This argument is aimed at the wrong target, inasmuch as the PLRA applies to actions challenging prison conditions. See 42 U.S.C. § 1997e.

This Court therefore finds that petitioner is unable to

show any legally viable external cause to excuse his procedural default. Because petitioner has failed to satisfy the cause component of the cause and prejudice requirement, it is unnecessary to consider whether he could satisfy the prejudice component. Ashker v. Class, 152 F.3d 863, 871 (8th Cir. 1998) (when petitioner "has not shown adequate cause to overcome the procedural bar ... we need not consider the issue of actual prejudice"); Sweet, 125 F.3d at 1151.

A habeas petitioner may also attempt to avoid procedural bar by demonstrating that the federal court's failure to consider his claims will result in a "fundamental miscarriage of justice." Coleman, 501 U.S. at 735. A fundamental miscarriage of justice can be demonstrated only if it is shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496. A habeas petitioner asserting actual innocence must do so with new, reliable evidence that was not presented at trial. Johnson v. Norris, 170 F.3d 816, 817-18 (8th Cir. 1999). In the case at bar, petitioner neither asserts actual innocence nor presents this court with new, reliable evidence that was not presented at trial. It therefore cannot be said that petitioner attempts to avail himself of the "fundamental miscarriage of justice" exception to a showing of cause and prejudice.

Because petitioner failed to present any of the claims asserted herein to the Missouri state court, they are all

procedurally defaulted. As explained above, petitioner is unable to overcome the procedural bar by showing either cause and prejudice, or demonstrating that a fundamental miscarriage of justice would occur should this Court not consider his claims. This Court therefore concludes that none of petitioner's claims can properly be entertained on the merits here, and that this action must be dismissed with prejudice.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that petitioner Troy Spencer's Petition for Writ of Habeas Corpus (Docket No. 2) is dismissed without further proceedings.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue in this cause inasmuch as petitioner has failed to make a substantial showing that he has been denied a constitutional right.

_/s/ Frederick R. Buckles_
Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 6th day of March, 2009.